## CONNELL *vs.* CULPEPPER & BOON.

In an issue of fraud where the Court and jury who tried the case, have passed upon it, and this Court is satisfied with the result, a new trial will not be awarded.

Claim, in Carroll Superior Court.  Tried before Judge HAMMOND, at the October Term, 1859.

This was a claim cause between George T. Connell, the assignee of an execution in favor of Alexander Price and Culpepper and Boon, claimants of the store-house or grocery, levied on under and by virtue of said *fi. fa.*, as the property of Charles Rodahan.  The execution was against Charles Rodahan, John Rodahan, and Terrence Connell, principals, and Joseph A. Thrasher, security on the appeal.  The execution issued from the Superior Court of Henry county, and was for $535 00, besides interest and cost, and bore date 12th January, 1857.  It was levied upon the property in controversy by the Sheriff of Carroll county, 27th January, 1859.

Plaintiff, the assignee of the execution, first tendered it in evidence, and proved by the depositions of L. T. Doyal, Esq., the assignment of said *fi. fa.*, that he gave his note for the full amount with A. W. Turner and Willis Goodwyn, securities.  Don't know whether the note has been paid or not, it has been sued to judgment.  At the time of the transfer defendants were considered insolvent—don't know whether defendants placed any means in Connell's hands to pay the debt.  Turner and Goodwyn are perfectly solvent.

Plaintiff then proved that Charles Rodahan was in possession of the house levied on, in July, 1856, and closed.

·Claimants introduced and read in evidence a deed of conveyance from Charles Rodahan for the property· levied on; dated 6th January, 1857, and recorded on the same day. Claimant also, amongst other things, tendered in evidence, an order from the Superior Court .of Carroll county, dated 27th November, 1857, directing the treasurer of said county to pay George T. Connell fifteen hundred and fifty dollars, the 1st February, 1858, and two thousand dollars on 1st February, 1859, for work done up to that time on the Court House of said county by John Rodahan. Counsel for plaintiff objected to this evidence as irrelevant; the objection was overruled, and the order received in evidence.

Claimants then tendered in evidence the tax books for the years 1857 and 1858, from which it appeared that the taxable property of plaintiff for the year 1857, amounted to $5,040 00, and for 1858, it was $17,825 00; and that the taxable property of Charles Rodahan amounted in 1857 to $5,618 00, and that in 1858, he was a defaulter. To which evidence counsel for plaintiff objected, on the ground of its irrelevancy. The Court overruled the objection, and admitted the tax books in evidence. After the introduction of other testimony not material to be set out, claimant rested.

Plaintiff then read the depositions of Hardy Duke, and a written agreement, as follows:

GEORGIA, CARROLL COUNTY: Know all men by these presents, that I, John Rodahan, of the county of Henry, and State aforesaid, have this day transferred to George T. Connell, of the county of Carroll, a claim or account on the county of Carroll, a balance due to the said Rodahan amounting to five thousand and fifty dollars, the money arising from said account to be paid to the following debts:

One thousand dollars to James Gray of the county of Carroll, and nine hundred and sixty-three dollars to John M. Stewart, of the county of Carroll, and the sum of three hundred and thirty-one dollars to McKay and Amspow for plastering Court House, and one hundred and sixty dollars to Joseph Sykes, for work on Court House, and also ninety-five dollars to Jacob Morton for work on Court House, also, four hundred dollars to E. M. Beck, of the county of Spaulding, and the further sum of five hundred dollars to Cary M. Wood, of the county of Newton, and three hundred and

Connell *vs.* Culpepper & Boon.

eighty-four dollars to A. J. Boggess, of the county of Carroll, and the further sum of two hundred dollars to Thomas Wells, of the county of Carroll, also, fifty dollars to Wm. Johnson, of the county of Carroll, also, fifty dollars to Charles Hilton, of the county of Carroll, also, the further sum of one hundred dollars to John T. Mador, of the county of Carroll, and the further sum of two hundred and fifty dollars to A. Nonderville, of Carroll, and also, three hundred dollars for the completion of said ........., and the sum of fifty-six dollars for interest that has accrued on the Cary Wood, and Erasmus Beck notes.

The money arising from this claim to be paid to these specified debts, and to no others. I, George Connell, of the county of Carroll, bind myself, my heirs and assigns unto the said John Rodahan, and his heirs and assigns, that the five thousand and fifty dollars shall be applied to the specified claim, set down in this receipt.

November 25th, 1859.      GEORGE T. CONNELL.

Test: H. H. Duke.

The article of agreement to remain in the hands of Hardy H. Duke until called for by said John Rodahan, or his assigns or executors.

Duke proved that he signed said agreement as a witness, and Connell signed it, and it was delivered to him by the parties, and that the balance of the $5,050 00, not required for the payment of the debts specified, was to be applied to John Stroud's claim for interest.

Plaintiff then proved the payment by him of various debts against the Rodahans; and the case was submitted to the jury upon the charge of the Court, who returned a verdict in favor of the claimants, and counsel for plaintiff moved for a new trial upon the following grounds:

1. Because the Court erred in charging the jury, that the first point for their consideration was, whether the property levied on belonged to defendants in *fi. fa.*, and if they so believed in the absence of qualifying circumstances, they should find the property subject to the *fi. fa.* But claimants have introduced evidence for the purpose of showing that Connell, the assignee of the *fi. fa.*, had not acted in good faith with the money which he controlled for the defendants, and that

Connell *vs.* Culpepper & Boon.

he had consequently discharged from the lien of his *fi. fa.* property in the hands of third persons. The instrument offered and read in evidence was an assignment; and if they believed that creditors were preferred by it, then it was void under the Act of 1818. And if Connell held said property under a void assignment, and has paid out and discharged younger *fi. fas.*, he has thereby discharged the lien of this older *fi. fa.*, which he owns on property in the hands of *bona fide* purchasers for a valuable consideration without notice, and that a defendant remaining in possession of his property after sale was a badge of fraud, and unexplained, became conclusive.

2. Because the Court erred in charging the jury, as requested by plaintiff's counsel, that if they believed from the evidence, that John and Charles Rodahan were partners in building the Court House in Carrollton, and that they, or either of them, made a *bona fide* assignment of $5,050 00 owing them for said building, for the payment of certain creditors free from any trust or benefit to themselves, then said assignment is good, but added, "but if creditors were preferred by the assignment, then it was not good, but void."

3. Because the Court erred in qualifying the charge requested by plaintiff's counsel, that if plaintiff received the funds under the assignment to pay certain creditors, and did, in pursuance of said agreement, pay said creditors, his judgment lien was not thereby extinguished as to other property of the Rodahans, and if claimants bought property subject to this execution, they were in no better situation than Charles Rodahan would be, and their remedy is on their warranty against Rodahan, which charge the Court gave, but added, that was so if the assignment was made in good faith, and creditors were not preferred; but if creditors were preferred, then it was void; and if Connell had funds in hand under the assignment, and paid them out to younger *fi. fas.*, that the lien of his *fi. fa.* was extinguished as to property in the hands of third persons.

4. Because the Court erred in admitting the testimony of Goodwyn Driver, plaintiff's counsel objecting thereto on the ground of irrelevancy.

5. Because the Court erred in admitting the testimony of Driver as to John Radahan having a large roll of money.

6. Because the Court erred in permitting claimants to

prove an assignment by the record of the Inferior Court of said county—plaintiff objecting thereto, on the ground of irrelevancy.

7. Because the Court erred in admitting in evidence the tax books.

8. Because the Court erred in admitting the testimony of W. J. Head and J. M. Redwine in relation to the Haralson county bonds.

9. Because the Court erred in rejecting the answers of Allen W. Turner.

10. Because said Court was illegally held, there being no law authorizing said Court to be held on the 2nd Monday in October, 1859.

11. Because the Court erred in not permitting the plaintiff to prove by John W. Benson, that he could not have paid more for the property, levied on by the sheriff under the Driver *fi. fa.*, than the amount of said *fi, fas.*, and that he did not communicate to any one the agreement between Connell, Driver, and himself.

12. Because the Court erred in charging the jury, that if they believed that Connell paid the funds received from said assignment to younger *fi. fas.* and not to older ones, that his judgment lien was thereby extinguished—there being no evidence upon which to predicate such charge.

13. Because the verdict was contrary to law, the evidence, and charge of the Court.

The Court overruled the motion for a new trial, and counsel for plaintiff excepted, and assigns said refusal as error.

BURKE and BLACK, for plaintiff in error.

THOMAS CHANDLER, and BUCHANAN and WRIGHT, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Had the jury found for Connell in this case, we should have felt constrained to have awarded a new trial. A clearer case of combination and confederacy than that established by the proof, between Connell and the Rodahans—Charles and John, we have seldom seen.

The proceedings under the Driver executions, alone, if there was nothing else, would constitute an effectual bar to

prevent G. T. Connell from subjecting the property bought by Culpepper and Boon, to the payment of his *fi. fa.* We cheerfully and cordially affirm the judgment of the Circuit Judge.